UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FERRATEX, INC., a Virginia corporation; SPINIELLO COMPANIES, a California corporation; and JASON GILMER,<br><br>Defendants. | Case No:  C 16-01023 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY** |

Plaintiff AIX Specialty Insurance Company ("Plaintiff") brings the instant declaratory relief and equitable reimbursement action against Defendants FerraTex, Inc. ("FerraTex"), Spiniello Companies ("Spiniello") and Jason Gilmer ("Gilmer").  Plaintiff seeks a determination that it has no duty to defend or indemnify FerraTex and Spiniello against Gilmer in an underlying personal injury action.  See Am. Compl., Dkt. 41.  The parties are presently before the Court on Plaintiff's motion to stay discovery.  Dkt. 34.  FerraTex and Spiniello (collectively, "Defendants") oppose the motion.  Dkt. 38.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff issued FerraTex a commercial general liability insurance policy, which was in effect from April 15, 2013 to April 15, 2014 (the "Policy").  Am. Compl. ¶ 8.  On or about November 20, 2015, Gilmer filed a personal injury action against FerraTex and Spiniello, styled as Gilmer v. Spiniello Companies, et al., Case No. C15-02112 (the "Underlying Action"), in Contra Costa County Superior Court.  Id. ¶¶ 7, 9.  Gilmer alleges that he suffered a severe injury on November 22, 2013, while walking on a mobile "wet-out" conveyer that Ferratex leased from Spiniello.  Id. ¶ 9.

Plaintiff agreed to defend FerraTex in the Underlying Action subject to a reservation of rights to deny defense and indemnity coverage.  Am. Compl. ¶ 10.  In addition, Spinello tendered its defense of the Underlying Action to Plaintiff as a purported additional insured under the Policy and an indemnitee of FerraTex.  Id. ¶ 12.  Plaintiff denied Spinello's tender.  See McCaslin Decl., ¶ 7 & Ex. D, Dkt. 36.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  This principle is subject to limitation.  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or limiting the scope of discovery to certain matters.  Fed. R. Civ. P. 26(c)(1).  "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).  The motion must also "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).

## III. DISCUSSION

Plaintiff asserts that it intends to file a motion for partial summary judgment to determine its duty to defend.  Plaintiff requests a stay of discovery "until the Court rules on

the duty to defend," at which time the Court can "reassess the scope of discovery."  Mot. at 6.  According to Plaintiff, a stay is warranted because "the duty to defend is a question of law" to be decided "based on the facts alleged in Gilmer's complaint, the terms of [the Policy] and any extrinsic evidence known to [Plaintiff] at the time of tender."  Id. at 4.  Plaintiff argues that it will suffer prejudice absent a stay because it will continue paying the costs of defending the Underlying Action.  Id. at 5.

As a threshold matter, the instant motion is procedurally defective because Plaintiff failed to certify that the parties met and conferred before its filing.  In addition to the certification requirement of Rule 26(c)(1) of the Federal Rules of Civil Procedure, this Court's Standing Orders require that parties meet and confer prior to filing any motion or request.  Standing Order No. 4 states:

> **Meet and Confer Requirement**. All parties *shall* meet and confer before filing any motion or other non-stipulated request. Any motion or request shall include a certification, which may be submitted separately or included in the body of the document, that the parties have complied with the meet and confer requirement.  The Court may disregard and/or strike any papers submitted that do not comply with this rule.

The meet-and-confer requirement is essential to ensure that there is, in fact, a dispute requiring judicial intervention.  It also conserves the limited time and resources of the Court and parties by obviating the filing of unnecessary motions.  Based on this procedural defect alone, the Court may properly deny Plaintiff's motion.  See Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Moreover, the Court finds the substance of Plaintiff's motion unpersuasive.  Although Plaintiff seeks a *stay* of discovery, it is apparent that the parties' current dispute actually concerns the *scope* of discovery.[1]  A complete stay of discovery may be

---

[1] Specifically, although Plaintiff seeks a stay of discovery, it acknowledges that Defendants are entitled to *some* discovery, including extrinsic evidence known to Plaintiff at the time of FerraTex's tender of defense.  See Reply at 1.  Likewise, Defendants acknowledge that interpretation of an insurance policy is a legal question, but oppose an order "prohibiting them from conducting *any* discovery whatsoever."  Opp'n at 1.

appropriate in limited circumstances, e.g., when meaningful attempts at mediation are underway. In this case, however, Plaintiff urges a swift judicial determination of its duty to defend. The Court finds that the parties should therefore complete all discovery necessary to the resolution of that issue straightaway, and declines Plaintiff's invitation to "reassess" the scope of discovery at a later date. See Texas Partners v. Conrock Co., 685 F.2d 1116, 1119 (9th Cir. 1982) (proceeding on a motion for summary judgment without providing a reasonable opportunity for discovery is disfavored).

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Stay Discovery is DENIED without prejudice to the filing of a motion for a protective order to limit the scope of discovery.

2. This matter is referred to the Chief Magistrate Judge for the assignment of a Magistrate Judge for purposes of resolving any discovery disputes.

3. This Order terminates Docket No. 34.

IT IS SO ORDERED.

Dated:  August 3, 2016

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

